IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CEDRIC NICKERSON #681323 | § | |
| v. | § | CIVIL ACTION NO. 6:09cv160 |
| BECKY PRICE, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Cedric Nickerson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Nickerson complains of the conditions of confinement at the Coffield Unit. After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed under 28 U.S.C. §1915(g), the "three strikes" provision. Nickerson filed objections to the Report on June 4, 2009.

In his objections, Nickerson says first that he does not have three strikes. He acknowledges two of these strikes, while arguing that in fact he had pleaded sufficient facts to show that he had suffered injury at the hands of government officials; however, he says that the third case cited by the Magistrate Judge is not a strike. This case was United States v. Cedric Webb aka Cedric Nickerson, 109 F.3d 768 (5th Cir., Feb. 24, 1997) (not selected for publication in the Federal Reporter). In that case, Nickerson appealed the denial of his motion for a trial transcript at Government expense, in his criminal case. The appeal was dismissed as frivolous, and the Fifth

Circuit cautioned him that additional frivolous or malicious appeals would invite the imposition of sanctions.

The Magistrate Judge counted this dismissal as frivolous, but in his objections, Nickerson says that this appeal, arising as it does from a criminal case, is not a "civil action" within the meaning of Section 1915(g), and thus should not count. He says that in a case which he has pending in the Southern District, the magistrate judge determined that he had three strikes, but the district court rejected this conclusion, finding that the appeal in United States v. Webb was not a strike because it did not arise from a civil action.

Section 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This language says that a prisoner cannot bring "a civil action" or appeal "a judgment in a civil action or proceeding" if the prisoner has, on three or more occasions, brought "an action or appeal" which was dismissed as frivolous. Thus, under the plain wording of the statute, the term "civil action or appeal" would appear to refer only to the action being brought, not the previous cases which were dismissed as frivolous.[1]

However, the Court need not reach this question. The appeal which was dismissed as frivolous was a motion to obtain trial transcripts. The Fifth Circuit has specifically held that a motion to obtain grand jury transcripts, in the course of a criminal proceeding, is considered to be a civil action. United States v. Miramontez, 995 F.2d 56, 58 (5th Cir. 1993). Thus, the mere fact that Nickerson filed a motion in a criminal proceeding does not mean that an appeal from the denial

---

[1]Section 1915(g) does not bar prisoners from proceeding in habeas corpus cases because those are not "civil actions." Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997).

of that motion, which appeal is dismissed as frivolous, cannot count as a strike for purposes of Section 1983.

Most pertinently, however, Nickerson has filed a fourth case, styled Nickerson v. Castro, et al., civil action no. 6:05cv139 (E.D.Tex., dismissed July 12, 2005, appeal dismissed). This case was dismissed with prejudice for purposes of *in forma pauperis* proceedings under 28 U.S.C. §1915(g), because Nickerson had three strikes. Nickerson appealed this dismissal, but his appeal was dismissed for failure to pay the filing fee. He filed a motion for reconsideration of this dismissal, and on November 27, 2006, the Clerk of the Fifth Circuit wrote him a letter stating that he fell under the "three strikes" provision of Section 1915(g) and thus could not proceed *in forma pauperis* on appeal in the absence of a showing of imminent danger. See Nickerson v. Castro, et al., slip op. no. 06-40620 (available online at http://coa.circ5.dcn/viewcase.aspx?Casenum=06-40620). The dismissal of this case also counts as a strike, and so Nickerson has three strikes regardless of whether or not the dismissal of his appeal as frivolous is counted. The fact that he is subject to the bar of Section 1915(g) is also confirmed by the letter from the Clerk of the Fifth Circuit. Nickerson's objection on this point is without merit.

Next, Nickerson asserts that the Magistrate Judge erred in concluding that he did not meet the "imminent danger" exception to Section 1915(g). He states that after he was removed from safekeeping, he was transferred to several different units, all of which were "gang-infested," and that he was threatened and assaulted at each of these units. All of his requests to be transferred to safekeeping or protective custody have been ignored, and after being assaulted at Beto, he was sent to Coffield. Nickerson says that a ranking officer "intentionally exposed" his conflict with the Crips, which caused him to be recognized by a member of that gang. Nickerson also says that he was forced into general population, although he acknowledges that he is being single-celled; he says that he could still be assaulted while going to or from showers or while he is on the wing. Furthermore, Nickerson says that his medical condition has been ignored and that he has been denied the necessary

housing restrictions to prevent him from "suffering the life-threatening complications associated with his condition."

As the Magistrate Judge observed, Nickerson acknowledges that he is currently single-celled, and thus away from the general population of the prison. He asserts in effect that he is in "imminent danger of serious physical injury" simply because he has not been assigned to a housing status which he considers more appropriate. While Nickerson speculates that he "could be assaulted going to showers or on the wing," the mere fact that other inmates live on the same wing and could conceivably pose a danger to him does not show that he is in imminent danger; this Court and others have held that a prisoner must allege specific facts showing that he is under imminent danger of serious physical injury, and that general allegations not grounded in specific facts indicating that serious physical injury is imminent are not sufficient to invoke the exception to Section 1915(g). *See* Lyles v. Dretke, — F.Supp. 2d —, slip op. no. 6:08cv382 (E.D.Tex., March 16, 2009) (unpublished) (available on WESTLAW at 2009 WL 722076); Valdez v. Bush, --- F.Supp.2d ---- slip op. no. 3:08cv1481 (S.D.Tex., October 24, 2008) (unpublished) (available on WESTLAW at 2008 WL 4710808); Ruston v. Dallas County, --- F.Supp .2d ----, slip op. no. 3:04cv1691-B (N.D.Tex., Nov. 5, 2004) (unpublished) (available on WESTLAW at 2004 WL 2512232). Nickerson's allegations in this regard fail to show that he is in imminent danger of serious physical injury.[2]

Nickerson also says that he began suffering "extreme stress/anxiety," which he characterizes as a "phobia" about being housed with other inmates, as a result of "post-traumatic stress disorder" arising from a prior assault. As a result, he says that he has a "medical need" for a

---

[2]Nickerson says that in his objections that on April 30, 2009, well after the filing of the complaint, he was contacted by a gang member, who asked him to locate his (Nickerson's) a weapon and send it to the gang member. The next day, an inmate named Davis told Nickerson that he, Davis, was being "pressured" by the Crips to assault Nickerson because the gang believed that Nickerson had "snitched" about sending the weapon to the gang. He states that on May 14, Davis did assault him. These allegations, even if true, do not show that Nickerson was in imminent danger at the time that he filed his complaint, on March 26, 2009.

single cell. Even assuming that Nickerson is correct, he concedes that at the time of the filing of the lawsuit, he was in fact single-celled, and thus fails to show that his psychological condition placed him in imminent danger of serious physical injury. Nickerson's claim on this point is without merit.

Finally, Nickerson argues in his objections that Section 1915(g) is unconstitutional because it targets only prisoners who are indigent, and it produces an improper retroactive effect, it violates the *Ex Post Facto* Clause, it violates due process and equal protection, and it amounts to a bill of attainder.

The Fifth Circuit has specifically upheld the constitutionality of Section 1915(g). Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997). As the Court explained, neither prisoners nor indigents constitute a "suspect class" for equal protection purposes, and a rational basis exists for the differentiation in treatment; furthermore, prisoners subject to the bar are not prevented from filing civil actions; such a prisoner "still has the right to file suits if he pays the full filing fees in advance, just like everybody else." Carson, 112 F.3d at 821. Nor does Section 1915(g) amount to a "bill of attainder," because it does not specify particular individuals for punishment, it does not inflict "punishment" within the meaning of the constitutional provision prohibiting bills of attainder, and it does not operate to the disadvantage of targeted group members in the complete absence of judicial intervention. Wilson v. Yaklich, 148 F.3d 596, 605-606 (6th Cir. 1998). Nickerson's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Plaintiff's complaint and motions, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other documents, pleadings, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motions for leave to proceed *in forma pauperis* are DENIED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of the lawsuit without seeking *in forma pauperis* status and upon payment of the $350.00 filing fee. Should Nickerson pay the full filing fee within 30 days after the entry of final judgment, the lawsuit shall proceed as though the full filing fee had been paid from the outset; however, payment of the full filing fee would not affect a frivolousness analysis, nor would it affect the question of exhaustion of administrative remedies. Finally, it is hereby

ORDERED that any and all other motions which may be pending in this cause are hereby DENIED.

**So ORDERED and SIGNED this 6th day of July, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**